E-FILED
Monday, 12 June, 2017 01:11:17 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 16-10049 |
| v. | ) | |
| | ) | |
| RICHARD A. SILLS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
AND POSITION ON RESTITUTION**

Now comes the United States of America, by its attorneys, Patrick D. Hansen, Acting United States Attorney, and Katherine G. Legge, Assistant United States Attorney for the Central District of Illinois, to address the issue of restitution pursuant to the Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. Section 2259 and the ruling of the Supreme Court in *United States v. Paroline*, 134 S.Ct. 1710 (2014).

## I. The Act

The Mandatory Restitution for Sexual Exploitation of Child Act (the Act) provides that "[n]otwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution

for any offense under this chapter." 18 U.S.C. § 2259(a). The order of restitution "shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the Court, which includes any costs incurred by the victim for: 1) medical services related to physical, psychiatric, or psychological care; 2) physical and occupational therapy or rehabilitation; 3) necessary transportation, temporary housing, and childcare expenses; 4) lost income; 5) attorneys' fees, as well as other costs incurred; and 6) any other loss suffered by the victim as a proximate result of the offense. 18 U.S.C. §2259(b)(3).

Under the Act, restitution is mandatory and the Court may not decline to issue an order because of either inability to pay, or the fact that the victim has, or is entitled to, receive compensation for his or her injuries from insurance proceeds or another source. 18 U.S.C. § 2259(b)(4).

**II. Guidance on causation and calculating restitution from *Paroline***

The United States Supreme Court provided guidance on calculating restitution under the § 2259 in *Paroline v. United States*, 134 S.Ct. 1710 (2014). In that case, the defendant pleaded guilty to possession of child pornography images, and an identified victim "Amy" sought restitution. The Court agreed with the majority of the circuits that restitution is only proper under the Act "only to the extent the defendant's offense proximately caused a victim's losses."

*Id.* The crime against "Amy" was "compounded by the distribution of images of her abuser's horrific acts, which meant the wrongs inflicted upon her were in effect repeated; for she knew her humiliation and hurt were and would be renewed into the future as an ever-increasing number of wrongdoers witnessed the crimes committed against her." *Id.* at 1717. *Paroline* stated that the "cause of the victim's general losses is the trade in her images. And Paroline is part of that cause, for he is one of those who viewed her images." *Id.* at 1726.

The Court recognized that it was "not possible to identify a discrete, readily definable incremental loss he caused, it is indisputable that he was part of the overall phenomenon that caused her general losses." *Id.* The Court stated that Congress made restitution mandatory in § 2259 "to impress upon offenders that their conduct produces concrete and devastating harms for real, identifiable victims." *Id.* at 1727 (citing *Kelly v. Robinson*, 479 U.S. 36, 49 (1986)). Upon finding the defendant proximately caused the victim's harm in possession images of her, the Court turned to how to calculate a restitution award.

The Court emphasized that there is no "precise mathematical inquiry" governing apportionment and that district courts will have to exercise "discretion and sound judgment" in fashioning restitution awards. 134 S.Ct. at 1728. Courts may begin their calculations by determining "the amount of the victim's losses caused by the continuing traffic in the victim's images (excluding,

of course, any remote losses…).” *Id.* Courts may then consider a variety of non-exhaustive factors, which could include: (1) the number of past criminal defendants found to have contributed to the victim’s general losses; (2) reasonable predictions of the number of future defendants; (3) any available and reasonably reliable estimate of the broader number of offenders; (4) whether the defendant distributed the images; (5) whether he contributed to their original production; (6) how many images he possessed; and (7) other facts relevant to the defendant’s relative causal role. *Id.* The Supreme Court also invited the government to “inform the district courts of the restitution sought and ordered in other cases.” Following these “rough guideposts,” district courts are to enter restitution orders that are neither “severe” nor “trivial.” *Id.*

The Court stated that there is no “precise algorithm for determining the proper restitution amount,” and that “[t]hese factors need not be converted into a rigid formula, especially if doing so would result in trivial restitution orders.” *Id.* at 1728, 1729. Further,

> courts can only do their best to apply the statute as written in a workable manner, faithful to the competing principles at stake: that victims should be compensated and that defendants should be held to account for the impact of their conduct on those victims, but also that defendant should be made liable for the consequences and gravity of their own conduct, not the conduct of others.

*Id*. at 1729. The factors identified in *Paroline* are mere suggestions, not requirements. Indeed, it is the United States’ position that several of the factors

suggested by the Supreme Court, though well-intended, are unworkable in practice. The United States will address each factor below and will propose a recommendation specific to the victim in this case.

### III. Defendant's role in the losses of "Cindy"

Here, after agents seized numerous files of child pornography from the defendant's computers and storage devices, HSI submitted the files containing child pornography to the National Center for Missing and Exploited Children (NCMEC) to be reviewed for any known child victims. See Exhibit A[1]. NCMEC confirmed that defendant possessed approximately 73 child pornography videos and 1,322 images of known child victims. (PSR¶ 17). Among these were images known as the "Cindy" series, that is, a series of photography containing images of then-minor, Cindy. (PSR¶ 18).

After notifying known victims about this case, the government received one restitution claim, Victim Cindy from the "Cindy" series. The restitution request packet from Victim Cindy includes a victim restitution cover lever, victim impact statement, psychological evaluation, vocational assessment, an economic report, copies of medical-related bills, and an affidavit regarding legal costs. *See generally* Exhibit B. Victim Cindy is seeking restitution for: past counseling and other medical expenses; the present value of future lost earnings;

[1] Exhibits are filed separately under seal.

the cost of various psychological and vocational evaluations; and legal costs. These requests total $1,608,707.58 in requested restitution. *See* Exhibit B p.2. However, victim Cindy is seeking a restitution amount of "no less than $8,000." *Id* p.8.

As explained, the materials submitted in this case, including the restitution claims and exhibits filed under seal, are sufficient for demonstrating proximate cause. While Victim Cindy does not know every defendant by name, every person who downloads, possesses, receives, and distributes her images presents an additional harm to her. In her victim impact statement, Victim Cindy notes that, "at a time in my young adult life where I was supposed to be having fun and enjoying life, I was forced to deal with the aftermath of sexual abuse and the never-ending effects of having pornographic pictures of me as a child on the Internet." *See* Exhibit B p.10. Victim Cindy further describes her ongoing disability and states that "there are…so many ways that my life would be different today if I had not been sexually abused and constantly reminded of it by the fact that people can still find, view, and send the pornographic pictures of me as a child online." *Id* p.11. Her statements are sufficient to show that the defendant's offense proximately caused losses to Cindy and she is entitled to restitution.

## IV. Application of *Paroline* factors to "Cindy"

If this Court agrees that Victim Cindy has met § 2259's proximate cause requirement, then it must calculate the amount of the losses that "comport[] with the defendant's relative role in the causal process that underlies the victim's general losses." *Paroline*, 134 S.Ct. at 1727. For the reasons provided below, the government request that the defendant be order to pay restitution to Victim Cindy in the amount of $4,395.00.

In reviewing the *Paroline* factors, several are unworkable in practice. As to reasonable predictions of the number of future defendants and reliable estimates of broader number of offenders, the United States cannot accurately determine such numbers. Due to the inherent difficulty in predicting future technological, market, and investigative advances, these factors are likely impossible to know or estimate.

As to whether the defendant distributed the images, the United States has no evidence that Sills distributed this particular image. That said, the scope of Sills' conduct should be considered. Sills stated that he has been downloading images of child pornography since the 1990s, using internet-based sites like Utorrent or BitTorrent, until the date of arrest. (PSR¶ 7). Those sites are known to be peer-to-peer file sharing software, so it is inevitable that over the lengthy

period of time the defendant used Utorrent to download child pornography that he also would have been distributing files in doing so.

As to whether the defendant participated in the production of the image, it is clear from the evidence that he did not. His participation is limited to possession in the count of conviction, namely, Count 4.

As to the number of images possessed by the defendant, NCMEC identified one image from the "Cindy" series. (PSR ¶ 18). The image the defendant possessed depicts a female child, approximately 6 to 8 years old, in front of a naked adult white male's penis. In the image, the girl has her mouth open as if she is about to perform oral sex on the male. *See* Exhibit A. From Agent Mitchell's review of the defendant's computer, the image was downloaded on November 23, 2015 and was present on the day of the search warrant on October 5, 2016. Exhibit A.

The United States cannot provide a reliable number of past criminal defendants who have possessed or distributed any given victim's images, due to counts dismissed, cases declined to prosecute, cases covered in state and local courts, and general lack of reporting requirements nationally. The United States does have access to limited federal data, which is strictly voluntary. After restitution is ordered, the AUSA handling the case can report that restitution award to this database. The database, maintained in a spreadsheet by the United

States Department of Justice, compiles the list for the most widely-held series victims, which includes the "Cindy" series. *See* Exhibit C.

Review of this spreadsheet for "Cindy" reveals that as of June 9, 2017, three-hundred sixty-four (364) defendants have been ordered to pay some amount of restitution to Cindy. It should be noted, however, that this is not an exhaustive list of all federal prosecutions involving "Cindy," and it is not known whether those restitution awards have been upheld on appeal or, more importantly whether they have been or will ever actually be paid.

While no precise mathematical equation is necessary, one reasonable method to calculate restitution is to follow the "1/n" method, whereby the Court considers the total amount of the victim's proven losses and divide that amount by the number of known defendants who have been ordered to pay restitution to the victim (plus the defendant). At the least, this calculation provides the Court with a starting point from which it can exercise its discretion to determine the appropriate amount of restitution to meet the dual goals articulated in *Paroline*, namely to help make the victim whole and to exact consequences on defendant who contributed to the harm suffered. The Seventh Circuit has upheld this method of calculation and found the resulting restitution amount of $8,387.43 to be "neither severe nor trivial," where Sainz was convicted of possessing six images of the identified victim. *United States v. Sainz*, 827 F.3d 602, 606 (2016).

The district court is not required to consider every *Paroline* factor in every case, rather the court "must assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses." *Id.* at 4 (internal quotations omitted).

Using the "1/n" method, when the victims' losses (as provided, $1,608,707.58) are divided by 364+1 (364 other defendants plus Sills), the amount per defendant is approximately $4,407.00.

Taking into consideration the factors provided in § 2259 and the guidance in *Paroline,* the government respectfully submits that this amount is neither "severe" nor "trivial" and adequately correlates the defendant's conduct in this case to an apportionment of Victim Cindy's losses. Therefore, the government is recommending that the amount of restitution the Court should order defendant to pay Victim Cindy of the "Cindy" series is $4,407.00.

WHEREFORE, For the reasons stated above the government respectfully requests the Court order restitution pursuant to §2259 in the amount as detailed above.

Respectfully submitted,

UNITED STATES OF AMERICA

PATRICK D. HANSEN
ACTING UNITED STATES ATTORNEY

By: /s/Katherine G. Legge
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Tel: 309.671.7050
Fax: 309.671.7259

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2017, I filed a copy of the foregoing entry of appearance in the captioned matters using the CM/ECF system, which will cause notice of the entry of appearance to be sent to:

Robert Alvarado
Attorney for Richard Sills

/s/ Katherine Legge